# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED PENSION TRUST
FUND, WISCONSIN LABORERS HEALTH FUND,
PUBLIC WORKS LABORERS VACATION FUND,
INDUSTRY ADVANCEMENT PROGRAM/
CONTRACT ADMINISTRATION,
NACARCI FEASTER and MILES MERTENS,   Case No. 08-C-97
       Plaintiffs

   v.

KENNEDY CONSTRUCTION CONTRACTORS LLC,
       Defendant.

## ORDER

On January 25, 2008, plaintiffs brought this action against defendant Kennedy Construction Contractors LLC under the Employee Retirement Security Act of 1974 ("ERISA") and the Labor Management Relations Act of 1947 ("LMRA"). Plaintiffs personally served defendant with a copy of the complaint and summons on January 31, 2008. Defendant had until February 20, 2008 to answer the complaint, but failed to do so. Plaintiffs thereafter filed a motion for entry of default and a motion for default judgment. The clerk of court entered default. Before me is plaintiffs' motion for default judgment.

Upon the clerk's entry of default, "the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983). So long as complaint states a valid claim for relief (and the court has jurisdiction over the parties and the subject matter of the action), the court should grant default judgment. Even so, the party seeking default judgment must prove its damages. Dundee, 722 F.2d at 1323. A court examining a motion for default

judgment should hold a hearing as to damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Id.

I have jurisdiction over defendant and this action. According to the complaint, plaintiffs allege that plaintiffs Building Trades United Pension Trust Fund and Wisconsin Laborers Health Fund, Public Works Laborers Vacation Fund are employee benefit plans within the meaning of ERISA; plaintiff Industry Advancement Program/Contract Administration is an employee benefit plan within the meaning of LMRA; plaintiff Nacarci Feaster is a trustee and fiduciary of Building Trades United Pension Trust Fund; plaintiff Miles Mertens is a trustee and fiduciary of Wisconsin Laborers Health Fund; and defendant is an employer in an industry affecting commerce. Pursuant to the terms of a collective bargaining agreement, defendant was obligated to contribute to the plaintiff plans but failed to make all of the required contributions. As such, the complaint states valid claims for relief under ERISA § 502, 29 U.S.C. § 1132, and LMRA § 301, 29 U.S.C. § 105.

Plaintiffs seek liquidated damages. They have filed auditing reports documenting the unpaid contributions along with interest. Further, they have filed an affidavit describing the amount that defendant has voluntarily paid down. This evidence indicates that defendant owes plaintiff $91,223.66 in unpaid contributions and interest. In addition, plaintiffs have presented evidence that they have incurred attorney fees in the amount of $8,878.50 and costs in the amount of $512. As such, plaintiffs have shown that they are entitled to judgment in the amount of $100,644.16.

**For the reasons stated,**

**IT IS ORDERED** that plaintiffs' motion for default judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk of court enter judgment in plaintiffs' favor and against defendant in the amount of **$100,644.16**, together with the interest allowed by law.

Dated at Milwaukee, Wisconsin this 21 day of April, 2008.

/s_____
LYNN ADELMAN
District Judge